Jack Edward **ACREE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–21.

Court of Criminal Appeals of Oklahoma.

June 20, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Jack Edward Acree, appellant, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–72–2032. His punishment was fixed at sixty (60) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Katherine Corcoran testified that she operated the Red Carpet Tavern at 913 Britton Road. On the evening of August 24, 1972, defendant was in the tavern as a customer. At midnight she emptied the coin boxes from the pool tables, locked the front and back doors and went home. At approximately 2:00 a.m. she received a call from the police and returned to the tavern where she observed defendant in police custody. She observed that the exhaust fan on the back wall had been removed and bricks removed to enlarge the opening. The fan had been in place intact when she closed. The pool tables had been torn apart and a long crowbar was on the floor.

Officer Fowble testified that he was on patrol on the evening in question and observed a man's head emerge from an opening in the back wall of the tavern. He ordered the person, who he identified in court as the defendant, out of the building and placed him under arrest. He observed a piece of pipe on the ground underneath the hole. Defendant was advised of his Miranda rights and admitted burglarizing the premises.

Detective Minor testified that he interrogated defendant the following day in the Oklahoma City Jail. The defendant was advised of his Miranda rights and acknowledged his understanding of his rights. Defendant stated that he had been in the tavern earlier that evening drinking beer. He left the tavern when it closed and waited until everyone was gone. He picked up a piece of pipe and pried the exhaust fan from the wall and entered through a hole.

The previous convictions were stipulated. The defendant did not testify nor was any evidence offered in his behalf.

We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

The final proposition contends that the punishment is excessive. This proposition is well taken. The trial court in assessing judgment and sentence stated:

"THE COURT: . . . I remember the case well. No one was hurt. You did some damage apparently to a coin operated pool table and drank perhaps eight bottles of beer. It is the opinion of this Court that the jury's sentence was excessive . . . ." (Tr. 61)

The judgment and sentence is accordingly modified to a term of forty (40) years imprisonment and as so modified, the judgment and sentence is affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in part, dissents in part.

BRETT, Judge (concurring in part and dissenting in part):

I concur in the affirming of this conviction, but I believe the sentence of forty (40) years is still excessive.